IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHANSE LAYNE REECE, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-442-S-BLW |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ADA COUNTY DEPUTY JAILERS, ) | |
| JOHN DOES 1-3, DOCTOR "JOHN ) | |
| DOE" STEWART, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are various motions ripe for adjudication. Having reviewed the motions, as well as any responses and replies, the Court enters the following Order.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

A. **Plaintiff's Motion for Discovery** (Docket No. 12) is MOOT. Plaintiff is required to first conduct his own discovery rather than asking the Court to compel discovery. Plaintiff is advised to consult the Federal Rules of Civil Procedure governing discovery matters.

**ORDER  1**

B.  **Plaintiff's Motion for Appointment of Counsel** (Docket No. 13) is DENIED for the reasons specified in the Court's earlier Order.  If appointment appears necessary at a later date, the Court will sua sponte reconsider appointing counsel for Plaintiff.

B.  **Plaintiff's Motion to Compel** (Docket No. 17) does not specify that Plaintiff actually sent formal discovery requests to Defendants.  Plaintiff's earlier Motion for Discovery does not constitute a proper discovery request under the Federal Rules of Civil Procedure.  Accordingly, this Motion is DENIED.

C.  **Defendants' Motion for a Protective Order** (Docket No. 18) is GRANTED to the following extent.  The following are permissible subjects of limited discovery regarding qualified immunity:  Plaintiff may propound discovery requests directed against the individual Defendants in their personal capacity that seek information regarding the individual Defendants' version of the incidents in question or disputed factual issues regarding the actual events giving rise to the qualified immunity defense.  The following types of discovery are not subject to the qualified immunity defense or the limitation on discovery, upon which unlimited discovery may proceed, as may be applicable to this case: (1) those requests directed at private defendants alleged to be state actors; (2) those directed at a Defendant institution; (3) those directed at an individual Defendant in

**ORDER  2**

his/her official capacity; (4) those related to any claim for declaratory or injunctive relief; and (5) those related to any state law claims. *See Rome v. Romero* 225 F.R.D. 640, 645 (D. Colo. 2004); s*ee also Beck v. Taylor County*, 1998 WL 682265, *1 (D. Tex. 1998) (Purpose of qualified immunity limit on discovery for chief of police sued in his individual capacity is not circumvented where, "if discovery against the City requires his participation, he does so in his official capacity and without subjecting himself to the rigors of suit against him *individually*, which is the only focus of qualified immunity." (emphasis in original)).

D. Plaintiff's Motion for Summary Judgment (Docket No. 20-1) and Contempt of Court (Docket No. 20-2) are DENIED for lack of an adequate factual basis. Defendants shall disclose to Plaintiff all relevant documents that fit within the scope of discovery set forth directly above within the next twenty (20) days. Any relevant documents subject to security or privilege concerns may be submitted in camera instead.

E. Insofar as the Ada Count Prosecuting Attorney has clarified that he has neither waived service nor entered an appearance for "Dr. John Doe Stewart," Plaintiff shall be required to provide a physical service address for this Defendant within the next sixty (60) days, or the claims against the Defendant shall be dismissed without prejudice.

F. The discovery deadline shall be extended to **August 31, 2005**. The

**ORDER  3**

dispositive motion deadline shall be extended to **October 31, 2005**.

DATED: **May 6, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  4**